**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

**OCT 31 2011**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**GREGORY C. LANGHAM**
**CLERK**

Civil Action No. 11-cv-01237-REB-DW

VIESTI ASSOCIATES, INC.

   Plaintiff,

v.

THE MCGRAW-HILL COMPANIES, INC.
and JOHN DOES 1 through 10,

   Defendants.

---

## [Proposed] STIPULATED PROTECTIVE ORDER

---

Each Party and each Counsel of Record stipulate to the following Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined), as follows:

1. In this action, at least one of the Parties anticipate that one or both of them may seek Confidential Information (as defined in paragraph 2 below) in the course of discovery in this case. The Parties understand that with respect to Confidential Information, the disclosing party asserts that the public disclosure of such information or any exchange of such information outside the scope of this litigation could result in significant injury to one or more of the party's business or privacy interests. The Parties have entered into this Stipulation and request the Court enter this Protective Order for the

Case 1:11-cv-01237-REB-DW Document 35 Filed 10/31/11 USDC Colorado Page 2 of 10
OCT-31-2011 MON 09:36 AM U.S. DISTRICT COURT FAX NO. 9700543 P. 03
10/27/2011 THU 12:26 FAX 3033762401 lakelaw ☒006/014

Case 1:11-cv-01237-REB-DW Document 31-1 Filed 10/27/11 USDC Colorado Page 2 of 10

purpose of preventing the disclosure and/or use of Confidential Information except as set forth herein.

2. "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom - not made available to the public - and designated by one of the Parties in the manner provided in paragraph 3 below as containing information including but not limited to:

    (a) previously non-disclosed financial information (including, without limitation, profitability reports or estimates or budgets, cash flow information, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports or estimates or budgets, sales margins, balance sheets, profit-and-loss statements, or any other non-public financial information) of the producing party;

    (b) previously non-disclosed business plans, product-development information, marketing plans, print-run amounts, distribution figures, and internet-based product-download figures;

    (c) any non-public information of a personal or intimate nature concerning an individual person; and,

    (d) any other category of information the Court subsequently designates as confidential in this case.

Case 1:11-cv-01237-REB-DW Document 35 Filed 10/31/11 USDC Colorado Page 3 of 10
OCT-31-2011 MON 09:36 AM U.S. DISTRICT COURT FAX NO. 9700543 P. 04
10/27/2011 THU 12:26 FAX 3033762401 lskslaw ☒007/014

Case 1:11-cv-01237-REB-DW Document 31-1 Filed 10/27/11 USDC Colorado Page 3 of 10

3. Where Confidential Information is produced, provided or otherwise disclosed by a Party or a witness in response to any discovery request, or otherwise in this case, it will be designated in the following manner:

   a) by imprinting the word "Confidential" on the first page or cover of any document produced;

   b) by imprinting the word "Confidential" next to or above any response to a discovery request; and

   c) with respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later than fourteen (14) calendar days after receipt of the transcribed testimony.

4. All Confidential Information provided by a Party or a witness in response to a discovery request or in the form of transcribed testimony or otherwise in this case shall be subject to the following restrictions:

   a) It shall be used only for the purpose of the litigation in this particular civil action, and not for any business purpose, and not for use or disclosure in connection with any other case;

   b) It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this particular case and only after the Certificate of Consent in the form of Exhibit A has been signed by the person receiving such information. This provision shall not apply to

Case 1:11-cv-01237-REB-DW Document 35 Filed 10/31/11 USDC Colorado Page 4 of 10
OCT-31-2011 MON 09:37 AM U.S. DISTRICT COURT FAX NO. 9700543 P. 05
10/27/2011 THU 12:26 FAX 3033762401 lakalaw ☒008/014

Case 1:11-cv-01237-REB-DW Document 31-1 Filed 10/27/11 USDC Colorado Page 4 of 10

disclosures to court personnel and stenographers transcribing deposition testimony, or among a Party's attorneys or that attorney's internal staff, or to disclosures of Confidential Information to persons who are employees or consultants of the party who designated the information as confidential.

5. Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any person, entity or government agency unless authorized to do so by court order.

6. The Party's counsel who discloses Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed and shall obtain and retain the original Certificates of Consent signed by qualified recipients of Confidential Information, and shall maintain a list of all persons to whom any Confidential Information is disclosed.

7. During the pendency of this action, opposing counsel may upon court order or agreement of the parties inspect the list maintained by counsel pursuant to paragraph 6 above upon a showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel are unable otherwise to identify the source of the disclosure. If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court.

4

Case 1:11-cv-01237-REB-DW   Document 35   Filed 10/31/11   USDC Colorado   Page 5 of 10
10/27/2011 THU 12:26 FAX 3033762401 lkslaw                                    ☒009/014

Case 1:11-cv-01237-REB-DW   Document 31-1   Filed 10/27/11   USDC Colorado   Page 5 of 10

8. No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of the litigation of this particular civil action.

9. During the pendency of this litigation, counsel shall retain custody of Confidential Information, and copies made therefrom pursuant to paragraph 8 above.

10. If opposing counsel objects to the designation of certain information as Confidential Information, he or she shall promptly inform the other parties' counsel in writing of the specific grounds of the objection to the designation. All counsel shall then, in good faith and on an informal basis, attempt to resolve the dispute. If after such good faith attempt, all counsel are unable to resolve their dispute, the party opposing the confidentiality designation may move for a disclosure order consistent with this order. Any motion challenging the confidentiality designation of such information must be filed within 14 days of the opposing party's initial notice challenging the confidentiality designation. During the pendency of any motion challenging a confidentiality designation, the information shall continue to have Confidential Information status from the time it is produced until the ruling by the Court on the motion.

11. In the event Confidential Information is used in any court filing or proceeding in this action, it shall not lose its confidential status as between the parties through such use.

12. In the event any party wishes to submit Confidential Information to the Court, either as an exhibit to or as quoted or revealed in pleadings or briefs, the party seeking to submit such information for the Court's consideration must first file a motion for

Case 1:11-cv-01237-REB-DW Document 35 Filed 10/31/11 USDC Colorado Page 6 of 10
OCT-31-2011 MON 08:37 AM U.S. DISTRICT COURT FAX NO. 9705543 P. 7
10/27/2011 THU 12:27 FAX 3033762401 lskslaw 010/014

Case 1:11-cv-01237-REB-DW Document 31-1 Filed 10/27/11 USDC Colorado Page 6 of 10

leave to submit the Confidential Information under seal pursuant to the requirements of D.C. COLO. LCivR 7.2. In the event the party seeking to submit such Confidential Information for the Court's review is not the party that designated the information as confidential in the first instance, the designating party will have the right to submit to the Court such information as it believes necessary to establish that the information is entitled to protection under the standards articulated in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598-602 (1978) (applied in *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985), and *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)). Until such time as the Court rules on the motion for leave to file the Confidential Information under seal, such information shall be treated as sealed and shall not be publicly filed. No party may publicly file any Confidential Information without first obtaining a determination from the Court that the confidentiality designation may be set aside and the information may henceforward be publicly revealed.

13. All persons are hereby placed on notice that the Court is unlikely to treat as sealed or otherwise to continue to maintain the confidentiality of any Confidential Information that is introduced as evidence at trial or a hearing once it has been offered into evidence in open court, except in the extraordinary circumstances where the trial or hearing has been closed to the public pursuant to the provisions of D.C. COLO. LCivR 7.2. The Court also reserves its discretion to reconsider any determination with respect to a motion for leave to file information under seal if it comes to believe

Case 1:11-cv-01237-REB-DW Document 35 Filed 10/31/11 USDC Colorado Page 7 of 10
OCT-31-2011 MON 09:37 AM U.S. DISTRICT COURT FAX NO. 9700543 P. 08
10/27/2011 THU 12:27 FAX 3033762401 lskslaw ⌐011/014

Case 1:11-cv-01237-REB-DW Document 31-1 Filed 10/27/11 USDC Colorado Page 7 of 10

as a result of subsequent information that the sealed information no longer requires confidential treatment, including in any orders, opinions, or decisions of the Court.

14. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

15. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

16. Upon termination of this litigation, including any appeals, each Party's counsel shall immediately return to the producing party or otherwise destroy all copies save one, for archival purposes, of the Confidential Information provided subject to this Protective Order, and all extracts, abstracts, charts, summaries, notes or copies made therefrom. Counsel shall provide each other with verification that any counsel's work product referencing Confidential Information has been destroyed save one copy for archival purposes.

17. The Court shall retain jurisdiction following the termination of this civil action to enforce the terms of this Protective Order.

18. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection for the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

7

Case 1:11-cv-01237-REB-DW Document 35 Filed 10/31/11 USDC Colorado Page 8 of 10
OCT-31-2011 MON 09:37 AM U.S. DISTRICT COURT          FAX NO. 9700543              P. 09
10/27/2011 THU 12:27 FAX 3033762401 lakslaw                                     ☒012/014

Case 1:11-cv-01237-REB-DW Document 31-1 Filed 10/27/11 USDC Colorado Page 8 of 10

DATED: this 31st day of October, 2011.

BY THE COURT:

_____
United States Magistrate Judge

Case 1:11-cv-01237-REB-DW Document 35 Filed 10/31/11 USDC Colorado Page 9 of 10
OCT-31-2011 MON 09:37 AM U.S. DISTRICT COURT          FAX NO. 9700543          P. 10
10/27/2011 THU 12:27 FAX 3033762401 lskslaw                                    ☒013/014

Case 1:11-cv-01237-REB-DW Document 31-1 Filed 10/27/11 USDC Colorado Page 9 of 10

# EXHIBIT A
## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01237-REB-DW

VIRSTI ASSOCIATES, INC.

    Plaintiff,

v.

THE MCGRAW-HILL COMPANIES, INC.
and JOHN DOES 1 through 10,

    Defendants.

---

## CERTIFICATE OF CONSENT TO BE BOUND BY PROTECTIVE ORDER

The undersigned, having read and understood the Stipulated Protective Order entered in the above-captioned matter on _____, 2011, which governs the restricted use of documents and other information designated as "CONFIDENTIAL," pursuant to the Stipulated Protective Order, hereby agrees to be bound by the terms thereof and consents to the jurisdiction and contempt power of the Court with respect to its enforcement.

Date: _____, 2011

Name: _____
Address: _____
_____

Phone: _____
Email: _____

Case 1:11-cv-01237-REB-DW   Document 35   Filed 10/31/11   USDC Colorado   Page 10 of 10
OCT-31-2011 MON 09:37 AM U.S. DISTRICT COURT   FAX NO. 9700543   P. 11
10/27/2011 THU 12:27 FAX 3033762401 lsklaw   @014/014

Case 1:11-cv-01237-REB-DW   Document 31-1   Filed 10/27/11   USDC Colorado   Page 10 of 10

**APPROVED:**

**ABADIE & SCHILL, PC**

s/William E. Zimsky
By:  William E. Zimsky
1099 Main Avenue, Suite 315
Durango, Colorado 81301
Telephone: 970-385-4401
Fax: 970-385-4901
Email: ln@oilgaslaw.net
Email: wez@oilgaslaw.net

**HERNSTADT ATLAS LLP**

s/ Ed Hernstedt
By: Ed Hernstedt
11 Broadway, Suite 615
New York, New York 10004
Telephone: 212-809-2502
Fax: 212-214-0307
Email: ed@heatlaw.com

*Attorneys for Plaintiff Viesti Associates, Inc.*

**LEVINE SULLIVAN KOCH & SCHULZ, L.L.P.**

s/ Christopher P. Beall
By:  Christopher P. Beall
1888 Sherman Street, Suite 370
Denver, Colorado 80203
Telephone:  303-376-2400
Fax:  303-376-2401
Email:  cbeall@lsklaw.com

*Attorneys for Defendant
The McGraw Hill Companies, Inc.*