# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Robert E. Blackburn

Civil Case No. 11-cv-01237-REB-DLW

VIESTI ASSOCIATES, INC.,

      Plaintiff,

v.

THE McGRAW-HILL COMPANIES, INC, and
JOHN DOES 1 through 10,

      Defendants.

---

## ORDER DENYING MOTION TO CONSOLIDATE

---

**Blackburn, J.**

Before me is **Defendant's Motion to Consolidate** [#65][1] filed April 5, 2012.
Defendant The McGraw-Hill Companies, Inc. seeks to consolidate this case with *Viesti
Associates, Inc. v. The McGraw-Hill Cos.*, Civil Case No. 1:12-cv-00668-WYD-DLW.
As the district judge to whom the oldest numbered case involved in the proposed
consolidation is assigned for trial, the issue of whether to consolidate these cases falls
to me for determination. *See* **D.C.COLO.LCivR** 42.1. I deny the motion.

The determination whether to consolidate cases is governed by Rule 42(a) of the
Federal Rules of Civil Procedure, which provides that, "[i]f actions before the court
involve a common question of law or fact, the court may . . . consolidate the actions[.]"
**FED. R. CIV. P.** 42(a)(2). The purpose of the rule is to allow the court "to decide how

---

[1] "[#65]" is an example of the convention I use to identify the docket number assigned to a
specific paper by the court's electronic case filing and management system (CM/ECF). I use this
convention throughout this order.

cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." ***Breaux v. American Family Mutual Insurance Co.,*** 220 F.R.D. 366, 367 (D. Colo. 2004) (quoting 9 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, **FEDERAL PRACTICE AND PROCEDURE** § 2381 at 427 (2nd ed. 1995)).

The moving party has the burden to prove that consolidation in warranted. ***Shump v. Balka***, 573 F.2d 1341, 1344 (10th Cir. 1978). The mere fact that a defendant has been sued in separate cases involving similar subject matter does not require a court grant a motion to consolidate, ***American Empire Insurance Co. v. King Resources Co.***, 545 F.2d 1265, 1269-70 (10th Cir. 1976), and the court should not consolidate cases when confusion or prejudice may result, ***St. Paul Fire & Marine Insurance Co. v. King***, 45 F.R.D. 519, 520 (W.D. Okla. 1968). The ultimate decision whether to consolidate cases is committed to the sound discretion of the trial court. ***Shump***, 573 F.2d at 1344.

Defendant has failed to carry its burden to prove that consolidation would promote a just or efficient result in these cases. Although it appears that there are common issues of law and fact in these matters, procedurally, they are at vastly different stages of litigation. Discovery in this case is to be completed by the end of this week. Dispositive motions are due next month, and trial is currently scheduled for August 20, 2012. By contrast, the case before Chief Judge Daniel was filed barely six weeks ago. No discovery or other deadlines have yet been established in that matter, and a scheduling conference will not be held until mid-July. Whatever efficiencies might

2

have been gained by consolidation are outweighed in this instance by the delay and concomitant prejudice that would attend an attempt to merge these two actions.

Accordingly, I find and conclude that consolidation of these matters is unwarranted and inappropriate.  *See, e.g.*, *Kirzhner v. Silverstein*, 2011 WL 3568265 at *2 (D. Colo. Aug. 15, 2011); *American Family Mutual Insurance Co. v. Haslam*, 2011 WL 3568240 at *3 (D. Colo. Aug. 12, 2011).

**THEREFORE IT IS ORDERED** that **Defendant's Motion to Consolidate** [#65] filed April 5, 2012, is **DENIED**.

Dated May 1, 2012, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge