**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 11-cv-01237-REB-DLW

VIESTI ASSOCIATES, INC.,

    Plaintiff,

v.

THE McGRAW-HILL COMPANIES, INC, and
JOHN DOES 1 through 10,

    Defendants.

**ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL RECONSIDERATION
WITH REGARD TO PENDING MOTIONS TO LIMIT PUBLIC ACCESS**

**Blackburn, J.**

The matter before me is **Defendant's Motion for Partial Reconsideration With Regard to Pending Motions To Limit Public Access** [#138][1] filed August 24, 2012. I grant the motion to reconsider and grant the underlying substantive motions to restrict public access to certain exhibits appended to plaintiff's motion for summary judgment.

Although the bases for granting reconsideration are extremely limited, the court is empowered to revisit prior rulings in order to "prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted). Such is the case here. Based on the arguments advanced and authorities cited by defendant in its motions to restrict access, which arguments and authorities I adopt and incorporate by reference, defendant has demonstrating compelling reasons why the

---

[1] "[#138]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

charts appended to plaintiff's motion for summary judgment should be restricted. ***See*** **D.C.COLO.LCivR** 7.2A. In particular, defendant has established with sufficient particularity that it will suffer a competitive injury if unfettered access to these confidential discovery materials is permitted.[2]

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendant's Motion for Partial Reconsideration With Regard to Pending Motions To Limit Public Access** [#138] filed August 24, 2012, is **GRANTED**;

2. That defendant's **Motion To Restrict Public Access to Certain Documents Filed by Plaintiff in Support of its Motion for Partial Summary Judgment (Incorporating Authorities)** [#79] filed June 15, 2012, is **GRANTED**;

3. That defendant's **Motion To Restrict Access to Document Submitted by Plaintiff With Proposed Pretrial Order** [#116] filed July 16, 2012, is **GRANTED**; and

4. That the documents filed as docket numbers 70, 71, 72, 73, and 100 **SHALL BE MAINTAINED** under Level 1 restriction as defined by **D.C.COLO.LCivR** 7.2B.5.

Dated November 6, 2012, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge

---

[2] Plaintiff's arguments in opposition to the motions invoke the potential difficulties of ruling on the (now defunct) motion for summary judgment and or conducting the (now moribund) trial in light of restrictions on access to the documents. Obviously, in light of the parties' settlement, these considerations no longer bear weight in the analysis of the motions to restrict access.